**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL MARIA SARAVIA and JAIRO DAVID SARAVIA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72674 <br><br> Agency Nos. A073-395-470 <br> A079-271-425 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010 [**]
San Francisco, California

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Angel Maria Saravia, the lead petitioner, and her son Jairo David Saravia,

natives and citizens of El Salvador, petition pro se for review of the decision of the

Board of Immigration Appeals summarily affirming the immigration judge's denial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of their applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's determination unless the evidence compels a contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We deny the petition.

The lead petitioner alleges persecution arising from guerrilla activity in the El Salvador civil war in the 1980s. Petitioner testified that she was not detained, harmed, or directly threatened by the guerillas. Substantial evidence supports the agency's determination that petitioner failed to establish past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Substantial evidence also supports the agency's determination that petitioner failed to establish a well-founded fear of future persecution in light of changed country conditions following the 1996 peace accords. *See Gonzales-Hernandez v. Ashcroft*, 336 F.3d 995, 997-98 (9th Cir. 2003).

Because lead petitioner failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because petitioner has not established it is more likely than not she will be tortured by or

with the acquiescence of the El Salvador government.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED**.

09-72674